MARIAN WECKESSER, Respondent, v. CARLETON SIPPERLEY, Defendant, and VINCENT SCHAAD, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ.

HENRY I. FILLMAN, Appellant, v. SUPREME CORK FLOORING Co., INC., Respondent.— Application denied, with ten dollars costs.

HENRY I. FILLMAN, Appellant, v. SUPREME CORK FLOORING Co., INC., Respondent.— Motion for stay denied.

92–28TH STREET, JACKSON HEIGHTS, INCORPORATED, Respondent, v. MARGARET C. HITCHCOCK, Appellant.— Application denied, with ten dollars costs.

LENA RAFF, Respondent, v. AMELIA MASKAVITZ and Another, Appellants.— Application denied, with ten dollars costs.

MARION REBAR, Respondent, v. H. C. BOHACK Co., INC., Appellant.— Application denied, with ten dollars costs.

ISRAEL GOLDFARB, as Executor, etc., of JACOB KING, etc., Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Application granted.

# THIRD DEPARTMENT, JUNE, 1928.

ALBERT H. Boos, Respondent, v. CHARLES H. BELLINGER and Another, Appellants.

PER CURIAM. The action was for conversion and was tried on that theory. The decision in the court below did not follow the theory of the trial, but judgment was rendered on equitable grounds. We think there was actual conversion of the property which had been turned over to the plaintiff by the agent of the mortgagor, and he had assumed control and dominion over it. When this property was taken and sold by the defendant Crumb as receiver at the expense of the defendant Bellinger it was a conversion of the plaintiff's property and there was further conversion of the fund represented by the property when there was a taking thereof by levy under execution by Bellinger as judgment creditor without an order of the court. We think the correct result was reached on the trial and we will make the additional findings that the property of the plaintiff was in fact converted by the defendants and that there was no assent by the plaintiff to the sale, but rather a yielding to the authority of the order of the court appointing a receiver. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ., concur. Judgment affirmed, with costs. The defendants' requests as found by the court numbered 21, 25, 26, 27 and 28 are disapproved. The court makes the following additional findings: That the property of the plaintiff was in fact converted by the defendants and that there was no assent by the plaintiff to the sale, but rather a yielding to the authority of the order of the court appointing a receiver.